Mamie CURRIE, Magnolia Williams, and
Irene T. Taylor, Appellees,

v.

UNITED STATES of America,
Appellant.

No. 8697.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1962.

Decided Jan. 4, 1963.

John C. Eldridge, Attorney, Depart-
ment of Justice (Joseph D. Guilfoyle,
Acting Asst. Atty. General; Joseph D.
Tydings, U. S. Atty., and Morton Hol-
lander, Attorney, Department of Justice,
on brief), for appellant.

1

**2**

Eugene A. Alexander, III, Baltimore, Md. (Harry K. Lott, Baltimore, Md., on brief), for appellees.

Before BRYAN and J. SPENCER BELL, Circuit Judges, and BUTZNER, District Judge.

J. SPENCER BELL, Circuit Judge.

This is an appeal from final judgments of the District Court of Maryland in three actions growing out of the same collision which were consolidated for trial below. The opinion is reported at 201 F.Supp. 414 (D.Md.1962). The actions were brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671–2680, for injuries arising out of a collision between two automobiles, one of which was driven by an F.B.I. Agent.

While stopped behind a school bus on U. S. Route 40 in Maryland, as required by Ann.Code of Md., Art. 66½, § 259, the car in which plaintiffs were driving was hit from the rear by a car owned by the United States and driven by F.B.I. Agent John P. O'Hara. The cause of the accident was brake failure in the car driven by O'Hara.

O'Hara testified, and the Trial Court found, that he had been driving the car for several hours prior to the accident, and that until just before the accident the brakes operated satisfactorily.

Government records were introduced and they showed that the car had a long history of brake trouble. On December 21, 1960, a report was made that the "right front brake grabs". However, although a record of investigations and repairs was usually made, no record of any investigation or repair as to this report has been shown. The accident occurred on January 4, 1961.

An expert for the government testified that after an examination he was of the opinion that the brake failure was caused by a burr in the body of the master cylinder, which defect could not have been discovered before the accident except by disassembling the master brake cylinder.

The Trial Court, applying Maryland law, held that by showing a rear end collision due to brake failure, the plaintiffs established a *prima* facie case of negligence, casting on the defendants the risk of non-persuasion on the issues of proper inspection and sudden failure without warning. As to defendant O'Hara, the driver, the Court found that the failure was sudden and without warning. The Court concluded that O'Hara was not negligent because he had performed a sufficient test of the brakes while driving the car for several hours, often using the brakes. O'Hara was, therefore, held not liable. However, as to the defendant United States, the owner of the car, considering the past history of the automobile and not having been convinced that the brake failure was without warning, or undiscoverable by reasonable care, the Trial Court rendered its decision for plaintiffs.

The United States, appellant, alleges error in the Trial Court's application of Maryland law, and claims that even under the Trial Court's interpretation of the law, its findings are clearly erroneous.

■ The United States contests the ruling of the Trial Court that under Maryland law the mere fact of a rear end collision due to brake failure gives rise to an inference or *prima facie* case of negligence. With the government's contention we must disagree. Although Sothoron v. West, 180 Md. 539, 25 A.2d 16 (Md.1942), involves the driver of a car, its reasoning is applicable as well to the case of a car's owner. The opinion states that an accident due to defective brakes, a statutory violation, Ann.Code of Md., Art. 66½, § 291, gives rise to a *prima facie* case of negligence, which may then be rebutted. Kaplan v. Stein, 198 Md. 414, 84 A.2d 81 (Md.1951), involves the liability of an owner rather than a driver and, although not technically necessary to the decision, it states that where such a defect is shown it is incumbent upon the owner to show that the defect was not preventable by his care and skill. Hickory Transfer Co. v. Nezbed, 202 Md. 253, 96 A.2d 241 (Md.

1953), cited by the United States, is not contrary. A close reading of that opinion indicates that the only theory of liability alleged was negligence of the driver, and the proof clearly showed that as to the driver, the brake failure was sudden and without warning. It is obvious under Maryland law that brake failure that is sudden and without warning is no evidence of negligence on the part of the driver. As distinguished from the instant case, independent negligence of the owner does not seem to have been in issue in the Hickory Transfer case.

The court below having properly determined the applicable Maryland law, also properly applied the law. The Maryland law placed upon the government the burden of rebutting the *prima facie* case established by the plaintiffs. This the Trial Court found the government failed to do. Plaintiffs were, therefore, entitled to judgment against the United States. Sothoron v. West, supra; Kaplan v. Stein, supra; New Amsterdam Casualty Co. v. Novick Transfer Co., 274 F.2d 916 (4 Cir., 1960).

The government contends that the Trial Court, after dismissing the case against O'Hara, the driver, failed to consider the evidence absolving O'Hara in regard to the liability of the United States. However, nothing in the record has been pointed out that supports this assertion, and so this contention is without merit.

Finally, the United States contends that the decision of the Trial Court was clearly erroneous. This claim is based on the evidence given by the defendant's expert witness, who testified that the cause of the brake failure was so latent that a reasonable inspection would not have resulted in its disclosure. The Trial Court was not convinced that the cause of the brake failure was not some defect in the right front wheel, indicated by the report of December 21, 1960, that would have been discovered and repaired had there been a proper investigation of the report. Loss of brake fluid, adverted to by the expert witness and by the Trial Court, might have been the cause of the "grabbing" of the right front wheel and the eventual brake failure. Of course, this was not the only possible cause. It was not clearly erroneous, as the government claims, for the Trial Court to reject part or all of the testimony of the government's expert and, thereby, to remain unconvinced that the cause of the accident was a latent defect not discoverable by reasonable care.

The judgment below is affirmed.

Affirmed.