## GARFINKLE ET AL. *v.* BIRNIOS

[No. 11, September Term, 1963.]

*Decided October 8, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Albert D. Brault,* with whom were *Albert E. Brault* and *Laurence T. Scott* on the brief, for appellants.

*Howard J. McGrath* for appellee.

HENDERSON, J., delivered the opinion of the Court.

In the trial of this automobile collision case the jury rendered a verdict for the defendant, and the only question raised on appeal is the adequacy of the trial court's instructions.

The facts are virtually undisputed and may be briefly stated. On September 29, 1960, the appellee was driving north on Georgia Avenue, a two lane highway, at a speed of from twenty to twenty-five miles per hour, behind an automobile driven by Mrs. Garfinkle. She stopped to make a left hand turn at an intersection. He applied his brakes within a distance of a car length and one half away, but his brakes suddenly failed and he struck the rear of her car. He testified that he had used the brakes repeatedly since leaving his home in Washington that morning, and in fact at the intersection immediately south of the scene of the accident, and they functioned perfectly. A police officer who investigated the accident testified that the footbrake was not in working order when they tested it, that it would go to the floor without exerting any pressure on the brake drums. Birnios testified that he had bought the car, a 1950 Buick, in 1950, and had kept it in good condition. He testified that he had had it serviced and inspected about once a month, besides having it tested annually as required by the law of the District of Columbia. He testified that he had had the car overhauled about three weeks before the accident, when a new muffler was installed and the car was repainted.

A mechanic, Wilson, testified that he repaired the brakes after the accident. He found no evidence of a fluid leak. Upon disassembling the master cylinder, however, he found that it was pitted and scored. He expressed the opinion that this had permitted the fluid to by-pass the plunger and cups, causing the sudden brake failure. He testified that this could not have been detected by inspection, short of a complete disassembly of the brake system. He testified that he had inspected the car several weeks before the accident, and the brakes operated perfectly in a roadtest.

The trial court read to the jury relevant provisions of the Motor Vehicle Law, Code (1957), Art. 66½, sec. 224 (a) (Following too closely) and secs. 291 (a) and 292 (d) (brake equip-

ment and maintenance). He read to the jury quotations from the case of *Sothoron v. West*, 180 Md. 539. That case was against the driver, who was a bailee and not the owner, of a car having defective brakes. Recovery was allowed because the driver had driven a long distance, in a strange car, without once testing the brakes "by the simple pressure of a foot." This was held to be some evidence of negligence. The Court said, however: "If such a test shows the brakes in working order, and then they suddenly fail, the driver may not be liable for negligence in driving with them."

The appellant contends that the instructions were misleading. As a general practice, we do not approve the reading of excerpts from our prior opinions, out of context, but that in itself would not justify a reversal. The *Sothoron* case was not a good model, for one reason, because the action was against the driver, a gratuitous bailee, whereas the action in the case at bar was against the owner and driver, the same person. The appellant contends that an owner is under a duty to make a more thorough inspection than is required of a bailee. In *Kaplan v. Stein*, 198 Md. 414, it was pointed out that a bailor may be liable for undisclosed defects, even though he is ignorant of the defective condition, if his ignorance is due to a failure to make such an inspection as a reasonably prudent and skillful person would make under similar circumstances. It was held that the case was properly submitted to the jury because there was evidence that the emergency brake was completely out of order, and the hydraulic hose to the foot brake was rotten, at the time of the bailment. Cf. *Milestone System v. Gasior*, 160 Md. 131. In *Currie v. United States of America*, 312 F. 2d 1 (C. A. 4th), there was evidence that a defective brake condition had been reported to the bailor, and this was held sufficient to support a verdict against the bailor, although the bailee was exonerated.

In the case at bar, however, we find no prejudicial error in the court's instructions, taken as a whole. He told the jury that the failure of the brakes to operate made out a *prima facie* case, which the driver may defend by showing proper inspection and a sudden failure without warning. He referred to the duty to see that the vehicle was in reasonably good condition and prop-

erly equipped "so that it may be at all times controlled and not a source of danger." Further, he stated that the burden was upon the defendant, as an affirmative defense, "to show that he has had a proper inspection made of the brakes, and if he has, and you determine from the evidence that he did have a proper inspection, the law is if such a test shows the brakes in working order and then they suddenly fail, the driver may not be liable for negligence in driving with them." We think this language effectively dispelled the suggestion that the owner was not required to do more than test the foot brakes.

*Judgment affirmed, with costs.*