KRIEGER, Executor and Trustee, Etc. *v.* MAYOR
AND CITY COUNCIL OF BALTIMORE

[No. 268, September Term, 1963.]

*Decided April 10, 1964.*

The cause was argued before HENDERSON, HAMMOND, HOR-NEY, MARBURY and SYBERT, JJ.

*J. Edward Davis,* with whom were *John J. Ghingher, Jr.,* and *Weinberg & Green* on the brief, for the appellant.

*Martin B. Greenfeld, Assistant City Solicitor of Baltimore,* with whom were *Joseph Allen, City Solicitor,* and *Ambrose T. Hartman, Deputy City Solicitor,* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

In this condemnation case the property owner complains that an erroneous instruction caused the jury to bring in too low an award.

The right of Baltimore City to condemn and the fact that an irredeemable ground rent of $130 annually on the property had a fair value of $2,600 were stipulated. The only issue for the jury was the fair value of the owner's leasehold interest in the four-story business building and the underlying land at Baltimore and Greene Streets.

The real estate expert who testified for the City used three methods of appraisal—that of replacement cost less depreciation, capitalization of income and comparable sales—to reach a value in fee for land and improvements of $26,000 from which he deducted the $2,600 value of the ground rent, leaving a value for the leasehold interest of $23,400. He said that in arriving at the fee simple figure by the first approach he used a building cost of 63 cents a cubic foot which resulted in a reproduction cost of $40,752, which he depreciated fifty-five per cent and found a present value of the improvements of $18,339. He then said:

> "Then I estimated the land value, and I estimated the land value in this particular case—the value of the corner lot—the land under the building—to be $6 per square foot. There are 1377 square feet in this

site, resulting in a valuation of $8,262 as the value of the site, which I added to the depreciated value of the building, and arrived at a total valuation by the cost approach of $26,600."

One expert for the owner estimated a reproduction cost of $67,550, took fifty per cent depreciation and, to the remaining present value of the buildings of $33,755 added his appraisal of the land—$11,000—and said the fee simple value of land and buildings was $44,775. The other expert for the owner found a reproduction cost of $71,447, took fifty-five per cent depreciation, leaving a present value of the buildings of $32,151, to which he added his value of the land—$10,125— to arrive at a fee simple value of $43,401 for both land and buildings. Both experts who testified for the owner told the jury that $2,600 should be deducted from their fee simple estimates to arrive at the present value of the owner's leasehold interest, and made the calculation for the jury.

Judge Foster charged the jury that "Mr. Samuel Krieger's estate [the owner] does not own the land, the estate owns only the improvements, and your responsibility is to bring in a value for those improvements on this lot of ground."

The appellant excepted to this instruction and urges here that its effect was to perpetuate in the minds of the jury "the deep rooted fallacy" as to the "commonly accepted misinterpretation" of the interest of a leasehold owner because it told the jury that the leasehold owner owns only the improvements and the owner of the reversion owns the land and, therefore, the value of the ground rent is equal to the value of the land.

We think it is clear that the court's charge, read as a whole, correctly instructed the jury and was not open to the effect claimed by the appellant.

Immediately after the part of the charge complained of, Judge Foster told the jury that their responsibility to bring in a value of the improvements

"has been simplified for you by the agreement of counsel * * * that once you arrive at a figure for the land [and as we have noted all of the experts who testified said that the land had a value several times the stipulated value of the ground rent] and improve-

ments you will then deduct from that figure the sum of $2600.00, which it is stipulated is the value of the ground rent on this property, and you will bring in a net figure, then, of the total value of land and improvements less the sum of $2600.00, which will give you the amount of your verdict."

The conclusion of the court's charge was the following:

"The fair market value of the property shall be determined by subtracting the agreed value of the ground rent to which the property is subject in the amount of $2600.00. That is the amount that it is stipulated is a proper value for the ground rent, and that amount should be subtracted from such an amount as you shall determine to be the fair market value of the property in fee simple. * * * In other words, the City's expert testified that in his opinion the fair market value of the fee simple property was $26,000.00, and from that he deducted the stipulated amount of the ground rent of $2600.00, arriving at a figure of $23,400.00, and on the other hand one of the experts called by the property owner testified that in his opinion the fee simple value of the property was $47,750.00—that is for the land and improvements, and from that of course there would be deducted the same sum of $2600.00."

We think the jury could not have failed to realize from the charge as a whole that it must perform what it is agreed was its proper function—that is to determine the present fee simple value of the land and improvements and then, in order to arrive at its verdict of the fair value of the owner's leasehold interest which was being taken, subtract $2,600, the stipulated value of the ground rent.

We have said on various occasions that the trial court's instructions must be considered as a whole; that the charge need not comply with the technical rules of formal prayers and that this Court will not condemn a charge because an isolated part of it does not seem to do justice to one side or the other or because of the way in which it is expressed. *Wilhelm v. State Traffic Comm.*, 230 Md. 91, 102; *Lloyd v. Yellow Cab*

*Co.,* 220 Md. 488, 495-496; *Grier v. Rosenberg,* 213 Md. 248, 257; *West v. Belle Isle Cab Co.,* 203 Md. 244, 256.

The jury set the value of the leasehold interest at $23,400 which was the estimate of its value given by the City's expert. As we see it, the owner's real and underlying grievance is that the jury, in the light of its own view of the property, chose to believe the opinion as to value of the expert for the City rather than that of either of his experts, and, since making determinations of fact from conflicting evidence after proper instructions as to the law is the very purpose and function of the jury in the judicial process, the owner has no complaint which this Court can recognize.

*Judgment affirmed, with costs.*