## NORA CLONEY & COMPANY, INC.
### *v.* PISTORIO, ET UX.

[No. 399, September Term, 1967.]

*Decided December 3, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*William D. Wells,* with whom was *Hillard P. Albert* on the brief, for appellants.

*William B. Somerville,* with whom were *Douglas G. Worrall* and *Smith, Somerville & Case* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

This is yet another dispute between a property owner and a real estate broker. *Cf. Assoc. Realty Co. v. Cadillac Jack Enterprises, Inc.,* 250 Md. 371, 243 A. 2d 543 (1968) and *Sellner v. Moore,* 251 Md. 391, 247 A. 2d 523 (1968).

Appellant broker (Cloney) received an inquiry concerning the availability of land in the vicinity of land of appellees (Pistorio). Cloney arranged a meeting between Pistorio and the prospective purchasers on June 29, 1965. At that time there was a hand shake between Pistorio and the potential purchaser. A written contract was to be prepared but was never prepared. Pistorio was to pay Cloney a commission of $165,000.00 based on 6% of the sales price of $2,750,000.00.

A dispute exists as to whether Pistorio changed his mind as to what terms should be in the contract in the intervening days or whether the purchasers changed their minds. It is undisputed, however, that there was a telephone conversation on August 11, 1965, between counsel for Pistorio and one of the pur-

chasers in the presence of Mrs. Cloney. Counsel testified that at that time the prospective purchaser did not want the property unless there was change in the zoning and that the purchaser said if there were to be no change "to forget about it". It was Pistorio's contention that a change in the zoning classification was not contemplated in the original oral agreement.

The sole question in this case is the propriety of the trial court's instruction to the jury. Cloney complains because, at the request of Pistorio, the jury was instructed:

"Now, further, if you find that Mr. Pistorio offered to execute a written contract on August 11, 1965, and he spoke with Mr. Lichtman, at the terms agreed upon at the meeting of June 29, 1965, and if you find Mr. Lichtman declined to execute, then you must find that Mr. Lichtman was not ready, willing and able to purchase the property and you must find for the Defendant, otherwise, the Plaintiff."

having already been instructed at the request of Cloney:

"Now, if you should find from the evidence presented that the employment agreement entered into between the Defendant and the Plaintiff was to sell or find a purchaser for the Turf Valley property, and, having so found, if you should find, further, that the Plaintiff did procure a purchaser ready, willing and able to purchase the Turf Valley property upon the terms authorized by the Defendant, and having so found, if you, the Jury, should find, further, that the Defendant was advised of this fact, and, having so found, if the Jury further find that the actions and statements of Mr. Hogg and Mr. Pistorio, between June the 29th, 1965 and August 11th, 1965, constituted a refusal on the part of the Defendant to consummate the sale to the prospective purchaser within the terms authorized by the Defendant, then the Jury should find in favor of the Plaintiff."

Cloney contends that the trial court in granting this instruction: (1) committed prejudicial error; (2) prejudiced the right

of the plaintiff to sustain its claim by confusing the jury with conflicting instructions "so inconsistent that conformity with one necessarily implies a disregard of the other"; (3) prejudiced the right of the plaintiff to sustain its claim by segregating the evidence and restricting the consideration of the jury to only the evidence pertaining to those events which occurred on August 11, 1965, and not to the whole evidence; (4) prejudiced the right of the plaintiff to sustain its claim by invading the province of the jury to determine the question of for what period of time a buyer must remain ready, willing and able in order to entitle the plaintiff to recover its claimed commissions; and (5) prejudiced the right of the plaintiff to sustain its claim by precluding the jury from considering the question of whether or not the actions and statements of Mr. Hogg and Mr. Pistorio between June 29, 1965, and August 11, 1965, constituted a refusal on the defendants' part to consummate the sale upon terms which the defendants had agreed upon with the buyer.

The trial court added at the conclusion of the language to which Cloney objects:

> "* * * If you find that Mr. Lichtman subsequent to the meeting of June 29, 1965, insisted upon the inclusion in the contract of terms different from the terms agreed to at the meeting then you must find that Mrs. Cloney did not procure a purchaser on the terms presented by and acceptable by Mr. Pistorio, and you must find for the Defendant; otherwise, for the Plaintiff."

The rule applicable to the case at bar is as stated in *Coppage v. Howard,* 127 Md. 512, 96 A. 642 (1916) where we said:

> "It is clear upon the authorities referred to that to entitle a broker employed to sell or to find a purchaser of real estate to recover commissions, where no contract of sale is executed by his employer and the purchaser, it is incumbent upon him to show not only that he *procured* a person who was ready, willing and able to purchase the property upon the terms authorized by

his employer, but also that his employer was advised of that fact and given an opportunity to complete the sale to the proposed purchaser, and that the sale was not consummated because of his employer's default. The mere fact that the broker *found* a willing and capable purchaser is not enough. It is obvious that he is not entitled to compensation for such services unless his employer is afforded an opportunity to receive the benefits of them." (emphasis in original) *Id.* at 522-523.

The trial court's instructions must be considered as a whole. The charge need not comply with the technical rules of formal prayers. This Court will not condemn a charge because of the way in which it is expressed or because an isolated part of it does not seem to do justice to one side or the other. *Krieger v. Mayor and City Council,* 234 Md. 382, 385, 199 A. 2d 363 (1964) ; *Wilhelm v. State Traffic Safety Commission,* 230 Md. 91, 102, 185 A. 2d 715 (1962) ; *Lloyd v. Yellow Cab Co.,* 220 Md. 488, 495, 154 A. 2d 906 (1959).

Applying these rules, we conclude there was no reversible error. The trial court directed the jury to consider Cloney's contentions. Pistorio was entitled to have his contentions also considered by the jury. We see nothing inconsistent in the instructions. The instruction to which exception is taken is, upon careful analysis, nothing more than a further refinement of the term "ready, willing and able". If the buyer did in fact insist on terms not originally contemplated, terms to which Pistorio would not agree, then Cloney did not secure a purchaser on terms acceptable to Pistorio and, therefore, Cloney would not be entitled to a commission.

*Judgment affirmed; appellant to pay the costs.*