KAUFFMAN *v.* LOVE ET AL.

[No. 52, September Term, 1968.]

*Decided February 4, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, SINGLEY and SMITH, JJ.

*John H. Garmer,* with whom was *A. Owen Hennegan* on the
brief, for appellant.

*Leonard A. Orman* for appellees.

PER CURIAM.

The sole question presented in this appeal from the Circuit
Court for Baltimore County is the propriety of the instruction of
the trial court. Appellant (Kauffman) claims error in that the
trial court permitted the jury to consider future medical ex-
penses in estimating damages.

We hold the action of the trial court to have been proper.

The case arose out of an accident on April 26, 1964. Appel-

lee Robert Love was operating his car in a southerly direction on Klee Mill Road. He came to a stop at the intersection of Klee Mill Road and Liberty Road. Marian V. Wagner was operating her car in a westerly direction on Liberty Road and had come to a stop in order to make a left-hand turn at the same intersection. Kauffman was operating her vehicle in a westerly direction on Liberty Road. It struck the rear of the Wagner vehicle, causing it to go off the road and strike the Love vehicle. The jury awarded a verdict of $8500.00 against Kauffman in favor of Robert F. Love and a verdict of $4500.00 against Kauffman in favor of Vergie Love.

Kauffman objects to that portion of the charge to the jury wherein Judge Maguire said:

> "You may also consider the reasonable cost of medical expenses pertaining to the injuries which you may find the Plaintiff or Plaintiffs might have been required to incur in the past, for treatment of the injuries involved in the accident, and such reasonable sums, *if any you find,* that they probably will be required to expend in the future for medical expenses." (emphasis added)

Proper exception was taken by Kauffman to the charge. Kauffman contends there was no testimony of any future medical expenses that could be considered, that there was no testimony by any doctor nor by the appellants themselves with reference to future medical treatment and, therefore, that this instruction would allow the jury to speculate.

Robert Love is a carpenter. He testified:

> "I can't hardly turn my head, especially fast. Whenever I am driving and looking round, it is awkward and it hurts, the upper part of my back the same way, just like muscle catches."

Love indicated that this is "all the time" and that "weather makes it worse." His physician testified that Love has a permanent disability of the neck region as a result of the accident.

There was testimony that Mrs. Love still had a soreness in her leg, that she still had a knot in her leg which sometimes

one could see, that she couldn't wear high heel shoes because of the condition of her leg and that she had a weakness in her arm. Her physician testified that she had sustained a permanent disability to her left shoulder, arm and leg.

In *Ihrie v. Anthony*, 205 Md. 296, 107 A. 2d 104 (1954) Chief Judge Brune said for this Court:

"The appellants next assail the instructions on the ground that they permitted the jury to award damages for past hospital expenses, although there were none. This objection isolates a portion of the charge from its context. The charge permitted the jury in determining damages to consider 'such sums as the Jury find she has been required to expend in the past and will be required to expend in the future for hospital and medical attendance in consequence of said injuries.' The testimony showed that the appellee had incurred medical expenses, that she had paid a part of them and that her orthopedic doctor recommended future hospital treatment, which he estimated would cost about $800 to $1,000. These figures were not controverted by any testimony. The suggestion of the appellants that the appellee's hospital expenses for an appendectomy might conceivably have been included in the award under such an instruction is untenable, especially in view of the clear testimony that the automobile accident had nothing to do with the appendectomy. There was testimony that the appellee would need further medical attention as well as hospitalization. The lumping together in one sentence of hospital and medical expenses is not improper, and there seems to be no reason to suppose that the jury was misled because such expenses for the past and for the future were not segregated. Consequently we do not think that this instruction was prejudicial to the defendants." *Id.* at 307.

We have said many times a trial court's instructions must be considered as a whole. The charge need not comply with the technical rules of formal prayers. This Court will not condemn

a charge because of the way in which it is expressed or because an isolated part of it does not seem to do justice to one side or the other. *Cloney v. Pistorio,* 251 Md. 511, 248 A. 2d 94 (1968) ; *Krieger v. Mayor and City Council,* 234 Md. 382, 385, 199 A. 2d 363 (1964) ; *Wilhelm v. State Traffic Safety Commission,* 230 Md. 91, 102, 185 A. 2d 715 (1962).

The key words in the trial court's instruction are the words *"if any you find."* In other words, if the jury didn't find the probability of expending reasonable sums in the future for medical expenses, no verdict was to be returned covering them. We see no error.

> *Judgment affirmed, appellant to pay costs.*