## STATE OF MARYLAND *v.* GRADY

[No. 28, September Term, 1975.]

*Decided October 7, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*George A. Eichhorn, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellant.

*James E. Kenkel* and *Joseph A. DePaul,* with whom were *DePaul Willoner & Kenkel, P.A.* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

More than twenty years have elapsed since this Court last examined the use of an alibi as a defense in a criminal cause and the nature of the burden of proof when an alibi is relied upon. In light of the apparent confusion which surrounds the use of this defense, particularly with respect to instructing the jury, we now address this area once again.

John Joseph Grady, the respondent, was convicted in the Circuit Court for Prince George's County by a jury (Robert B. Mathias, J., presiding) of committing unnatural and perverted sexual practices as well as assault and battery upon three young children. After Judge Mathias suspended the prison sentence he imposed and placed the respondent on five years supervised probation, Grady appealed to the Court of Special Appeals. That court, while also finding two other grounds for reversal, concluded that an improper jury instruction pertaining to an alibi was sufficient to dispose of the appeal and accordingly confined its discussion to that issue.[1] *Grady v. State,* 24 Md. App. 85, 329 A. 2d 726 (1974). This Court granted the State's petition for a writ of certiorari, limited to the question of whether the Court of

---

1. In addition to finding reversible error in the alibi instruction, the court agreed with, but did not discuss, respondent's contention that a hearsay statement by one of the prosecution's witnesses was improperly received in evidence and that he was denied due process because of ambiguity surrounding the time of the alleged criminal acts. Grady v. State, 24 Md. App. 85, 90 n. 2, 329 A. 2d 726 (1974).

Special Appeals was correct in holding that the trial court's alibi instruction was erroneous. We will affirm.

The record discloses that two families, the Gradys and the Coads, were next-door neighbors for approximately three years prior to respondent's indictment, during which time a close friendship developed between them. Members of the Coad family, particularly Mrs. Coad and her seven-year-old daughter Kelly, often visited the Grady home. Frequently on these occasions Kelly was accompanied by her playmates, Meghan McGarvey, age 9, and Maureen McGarvey, age 6. On June 19, 1973, the father of Maureen and Meghan, claiming to have knowledge of improper conduct on the part of Mr. Grady involving the three young girls, made the complaint that ultimately led to the indictment filed in this case. Although the indictment stated that the offenses occurred on or about June 19, 1973, substantial uncertainty exists as to when, how often, where, and with whom the alleged unnatural and perverted sex acts were performed. At the trial none of the girls indicated precisely when the purported acts occurred and, moreover, the State's Attorney conceded that they could not do so. The respondent categorically denied any wrongdoing and, in an attempt to account for his activities and whereabouts during the week preceding June 20, testified that he was at work during the day and, as usual, attended classes at Georgetown University three nights that week. In addition, seeking to fill the remaining time gaps, both Grady and his wife testified with regard to other specific activities engaged in by the respondent on June 18 and 19.

At trial, Judge Mathias instructed the jury as to the alibi defense in these words:

"Now, there is evidence in this case, or been offered in this case, or introduced, the defendant was not present at the time and the place where the offenses allegedly were committed. This may be referred to as a defense of alibi. The Court tells you that a defense of alibi is a legitimate, legal and proper defense. The defendant may not be

convicted of the offense with which he is charged unless the government proves beyond a reasonable doubt that the defendant was present at the time when, and at the place where, the offenses were committed.

"If, after a full and fair consideration of all the facts and circumstances in evidence, you find that the government has failed to prove beyond a reasonable doubt that the defendant was present at the time when, and the place where, the offense charged was allegedly committed, you must find the defendant not guilty.

"With reference to alibi, a defendant may be entitled to acquittal if you believe the alibi testimony as his not being present at a time and place of the alleged offense, by taking into consideration this testimony with all the other evidence raising a reasonable doubt of guilt, *but in order to prove an alibi conclusively, the testimony must cover the whole time in which the crime by any possibility might have been committed, and it should be subjected to rigid scrutiny.*" (Emphasis added.)

The Court of Special Appeals concluded that the trial judge committed reversible error by including the segment italicized above in his instruction because in doing so he placed a burden of proof upon the defendant-respondent not permitted by law.[2] *Grady v. State, supra* at 91-93.

That it is incumbent upon the State to prove a defendant's guilt, and to do so beyond a reasonable doubt, is well-established by the many decisions of this Court. *See, e.g., Wilson v. State,* 261 Md. 551, 563, 276 A. 2d 214 (1971); *Malcolm, Jr. v. State,* 232 Md. 222, 225, 192 A. 2d 281 (1963); *Johnson v. State,* 227 Md. 159, 163, 175 A. 2d 580 (1961).

---

2. Although Grady did not object to the jury instruction, the Court of Special Appeals took cognizance of the error pursuant to the plain error provision of Maryland Rule 756 g. Grady v. State, *supra* at 93. The State has raised no objection to this utilization of that Rule.

While this principle has long been in effect in Maryland, the United States Supreme Court has only recently held that it is mandated by the Federal Constitution. *In re Winship,* 397 U. S. 358, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970); *see Speiser v. Randall,* 357 U. S. 513, 523-24, 526, 78 S. Ct. 1332, 1341, 1342, 2 L.Ed.2d 1460 (1958); *Tot v. United States,* 319 U. S. 463, 469, 63 S. Ct. 1241, 1246, 87 L. Ed. 1519 (1943). In *Winship,* the Court concluded that the due process clause of the fourteenth amendment protects an accused in a state criminal cause against conviction except upon proof beyond a reasonable doubt of every element of the crime with which he is charged. 397 U. S. at 361-64, 90 S. Ct. at 1071-73. Within the last few months the Supreme Court, in *Mullaney v. Wilbur,* 421 U. S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975), elaborated upon the impact of *Winship* with regard to the burden of proof in felonious homicide cases where the defendant claims he acted in the heat of passion. There a challenge was made to a Maine statute which obliged a defendant in such a case to prove that he acted in the heat of passion in order to reduce the offense from murder to manslaughter. Extending the rationale of *Winship,* the Supreme Court interpreted the due process clause of the fourteenth amendment as requiring the prosecution to prove beyond a reasonable doubt the absence of heat of passion when that issue was properly presented in a homicide case. 421 U. S. at 704, 95 S. Ct. at 1892. We conclude that the teachings of these Supreme Court cases apply to the issue of who has the burden of proof and what that burden is when an accused relies on an alibi as a defense. In sum, under the Federal Constitution, as well as the law of Maryland, the burden is on the State to prove all elements of the alleged crime and to do so beyond a reasonable doubt; hence, the defendant does not have to establish his alibi, not even by a minimal standard of proof. "Evidence of alibi should come into a case like any other evidence and must be submitted to the jury for consideration of whether the evidence as a whole on the issue of presence proves the defendant's guilt beyond a reasonable doubt." *Smith v. Smith,* 454 F. 2d 572, 578 (5th Cir. 1971), *cert. denied,* 409 U. S. 885 (1972).

Although it seems that some confusion has arisen in a few

of the trial courts of this State as to the burden of proof in criminal cases in which evidence of an alibi is introduced, apparently because of certain language in *Floyd v. State*, 205 Md. 573, 109 A. 2d 729 (1954), that case is not contrary to the views we express here. In *Floyd*, Judge Delaplaine for this Court set forth the following proposition:

"An alibi of an accused, proceeding as it does upon the idea that he was elsewhere at the time of the commission of the crime, does, of course, if thoroughly established, preclude the possibility of guilt. But all the evidence in a criminal case is to be considered together, and the jury are not to weigh merely the evidence relating to the alibi and determine from that alone whether they have a reasonable doubt of guilt. To warrant a conviction in a criminal case the charge must be proved beyond a reasonable doubt. *Wood v. State*, 192 Md. 643, 649, 65 A. 2d 316 [(1949)]. If the jury, considering all the evidence, inculpatory and exculpatory, entertain a reasonable doubt of the defendant's participation in the crime, they should acquit him. Thus a defendant is entitled to acquittal if the alibi testimony, taken into consideration with all the other evidence in the case, raises a reasonable doubt of guilt. *But in order to prove an alibi conclusively, the testimony must cover the whole time in which the crime by any possibility might have been committed, and it should be subjected to rigid scrutiny.*" 205 Md. at 581 (emphasis added). *See Shipley v. State*, 220 Md. 463, 468, 154 A. 2d 708 (1959); *Basoff v. State*, 208 Md. 643, 655, 119 A. 2d 917 (1956).

The source of the confusion appears to be the italicized portion of the above quoted paragraph from *Floyd*. Some trial courts and members of the bar seemingly have construed that segment to mean that the defendant had the burden of establishing his alibi, either by a preponderance of the evidence or conclusively. This, however, is an erroneous

interpretation since that part of *Floyd* merely refers to the fact that to be complete an alibi must cover the entire period of time in which the offense allegedly occurred.

Though this Court has not had an opportunity to examine this issue since *Floyd,* recently the Court of Special Appeals in a trilogy of cases, *Daniels v. State,* 24 Md. App. 1, 5-7, 329 A. 2d 712 (1974); *Jackson v. State,* 22 Md. App. 257, 260-64, 322 A. 2d 574 (1974); *Robinson v. State,* 20 Md. App. 450, 457-64, 316 A. 2d 268, *cert. denied,* 272 Md. 747 (1974), read *Floyd* correctly while discussing the burden of proof in criminal causes in which alibi evidence was introduced. In each of those cases, the trial court had instructed the jury that the defendant has the burden of proving his alibi and that he must do so by a preponderance of the evidence. As Judge Gilbert pointed out for the court in *Jackson,* such an instruction apparently emanates from the popular but erroneous conception that reliance on an alibi is an affirmative defense carrying with it a burden of persuasion. 22 Md. App. at 263. We accept as a succinct and accurate expression of the law of this State the following words of Judge Moylan, written for the Court of Special Appeals in *Robinson*:

> "We think the sound view to be that an alibi is not an affirmative defense, placing any burden upon a defendant beyond the self-evident one of attempting to erode the State's proof to a point where it no longer convinces the fact finder beyond a reasonable doubt. Proof of an alibi, like any other defense testimony, is simply a means of controverting the State's effort to establish criminal agency." 20 Md. App. at 459.

Our view that it is incorrect to conceptualize an alibi as an affirmative defense with the burden of proving it resting on the accused is in accord with the decisions of the overwhelming majority of jurisdictions which have ruled on the issue.[3] *See, e.g., Smith v. Smith, supra; Stump v.*

---

3. Although an increasing number of states by legislation have required a defendant in a criminal case to disclose to the prosecution before trial his

*Bennett,* 398 F. 2d 111, 115-16 (8th Cir.) (en banc), *cert. denied,* 393 U. S. 1001 (1968); *People v. Pearson,* 19 Ill. 2d 609, 169 N.E.2d 252, 255 (1960); *State v. Jewell,* 285 A. 2d 847, 849-50 (Me. 1972); *People v. Elmore,* 277 N. Y. 397, 14 N.E.2d 451, 454-55 (1938); 1 *Wharton's Criminal Evidence* § 23 (13th ed. 1972); 29 Am.Jur.2d *Evidence* § 157 (1967); Annot., 124 A.L.R. 471 (1940).

Turning to the jury instructions in this case, we make the threshold observation that they must be viewed as a whole and that portions should not be read out of their proper context. *State v. Foster,* 263 Md. 388, 397, 283 A. 2d 411 (1971), *cert. denied,* 406 U. S. 908 (1972); *cf. Kruszewski v. Holz,* 265 Md. 434, 443, 290 A. 2d 534 (1972). Reading this instruction in that light, we conclude that it was improper to explain alibi testimony as did the trial judge since, at the very least, one rational interpretation of the words used would place an impermissible burden of proof upon the respondent. The Achilles' heel of the instruction is that it could be understood as meaning that, while the State must prove its case against the accused beyond a reasonable doubt, the defendant has the responsibility of establishing his alibi, and apparently must even do so conclusively. Though, from the trial judge's words, the jury may have properly construed the respondent's obligation, we must assume that the improper inference was drawn because the latter portion of the instruction, quoted earlier in this opinion, is misleading, ambiguous and confusing. *See Baker v. Commissioner,* 228 Md. 454, 461, 180 A. 2d 482 (1962); *Midgett v. State,* 216 Md. 26, 41, 139 A. 2d 209 (1958); *Wintrobe v. Hart,* 178 Md. 289, 296, 13 A. 2d 365 (1940); *Haney v. Marshall,* 9 Md. 194, 215-16 (1856). Since the

intention to rely on an alibi, Maryland has no comparable enactment. Such statutes, so long as they grant reciprocal rights of disclosure to the defendant, have withstood constitutional challenge. *Compare* Williams v. Florida, 399 U. S. 78, 90 S. Ct. 1893, 26 L.Ed.2d 446 (1970) (Florida statute requiring defendant to disclose witnesses to be used in establishing alibi but granting corresponding rights to the accused does not violate due process or privilege against self-incrimination) *with* Wardius v. Oregon, 412 U. S. 470, 93 S. Ct. 2208, 37 L.Ed.2d 82 (1973) (Oregon statute requiring disclosure of alibi witnesses violative of fourteenth amendment due process where no reciprocal discovery rights given to defendant). *See generally* Annot., 45 A.L.R.3d 958 (1972).

defendant-respondent, as a matter of law, assumed *no* burden of persuasion with respect to his alibi evidence, the inference to the contrary in the instruction constitutes reversible error.

Finally, since the language which was misleading in this case was taken almost verbatim from our opinion in *Floyd v. State*, 205 Md. at 581, we comment upon the use of excerpts from judicial opinions when instructing a jury. Again we suggest that it is not always appropriate to quote from appellate decisions in jury instructions since the language employed in a particular opinion may not adequately inform jurors of their responsibility. *Flohr v. Coleman*, 245 Md. 254, 262, 225 A. 2d 868 (1967); *Garfinkle v. Birnios*, 232 Md. 402, 404, 194 A. 2d 91 (1963); *Neas. v. Bohlen*, 174 Md. 696, 199 A. 852 (1938). *See generally* 75 Am. Jur.2d *Trial* § 611 (1974).

> *Judgment of the Court of Special Appeals affirmed.*
> *Costs to be paid by Prince George's County.*