Charles A. HUNTER, Appellee,

v.

Ralph L. WILLIAMS, Warden, Maryland House of Correction, Appellant.

No. 77–1757.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1978.

Decided Feb. 23, 1978.

John P. Stafford, Jr., Asst. Atty. Gen. of Md., Baltimore, Md. (Francis B. Burch, Atty. Gen. of Md., Clarence W. Sharp, Asst. Atty. Gen. of Md., Chief, Crim. Div., Baltimore, Md., on brief), for appellant.

Jerrold B. Pinsker, Rockville, Md., for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

The district court, by written opinion, set aside a Maryland conviction for murder on the ground that an instruction given by the Maryland trial court was in violation of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), in that it shifted the burden of proof to the defendant to reduce the crime of murder to manslaughter. The district court also held an instruction relating to alibi was in violation of *Mullaney.*

■ We are of opinion the instruction relating to alibi [1] is consistent with *Mullaney* rather than inconsistent, for it did not require the defendant to do anything or

1. That part of the charge follows:

"Now, as I said, the defense is predicated on the proposition that the defendant was not there. It is the defense of alibi. It is a defense resting upon proof that the accused was elsewhere at the time the crime was committed, so that he could not be the guilty person. You should consider the testimony which has been offered and to prove an alibi, and if a reasonable doubt of the guilt of the defendant is raised, then the defendant is entitled to the benefit of that doubt. It is not the law that the presence of the accused at the time and the place of the criminal act is to be presumed or assumed until he succeeds in shaking off that suspicion.

"Since in every case where the presence of a defendant at the commission of the crime is essential to his conviction, the State must establish that fact beyond a reasonable doubt. The jury must not assume that the accused is guilty merely because he is being prosecuted and because criminal charges have been preferred against him. He comes into the Court presumed to be innocent, and that presumption of innocense [sic] tends him throughout the trial. The State has the burden of proving him to be guilty by evidence which produces an abiding conviction of guilt in the minds of the jury, beyond a reasonable doubt and to a moral certainty."

assume any burden. We note that Maryland has directly held alibi is not an affirmative defense in *State v. Grady,* 276 Md. 178, 345 A.2d 436 (1975). Although that last matter, of course, was not before the jury, we take it into account only to show that Maryland gives effect to *Mullaney.*

■ Maryland admits that the manslaughter instruction on its face did not comply with the principles expressed in *Mullaney,* but it says that under *State v. Evans,* 278 Md. 197, 362 A.2d 629 (1976), the giving of the instruction was harmless error because there was no evidence to support an instruction as to manslaughter in any event, only that of murder.

The district judge found that the decedent and the accused may well have renewed a previous quarrel which took place the same evening of the shooting in question. In addition, we note that the altercation took place in a dance hall in which there was a large crowd; those drinking included both the decedent and the accused; a girl friend of the accused, with whom he had only a few days before engaged in a lover's quarrel, was sitting nearby, and only a short while elapsed between the previous quarrel and the shooting.

While we do not for a moment suggest there was no evidence of murder in the State trial, we do think an instruction as to manslaughter was not uncalled for in consideration of all the evidence and that the district court was correct in requiring that it be framed in the light of *Mullaney* which has been held to be retroactive in *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977).

The judgment of the district court, although not its entire holding, is accordingly

AFFIRMED.