944 A.2d 505

**Desmond Jerrod SMITH**

v.

**STATE of Maryland.**

**No. 64, Sept. Term, 2007.**

Court of Appeals of Maryland.

March 14, 2008.

**660**

Brian M. Saccenti, Asst. Public Defender (Nancy S. Forster, Public Defender, Baltimore), on brief, for petitioner.

Robert Taylor, Jr., Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore), on brief, for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ALAN M. WILNER (retired, specially assigned) and DALE R. CATHELL (retired, specially assigned), JJ.

CATHELL, J., Retired, Specially Assigned.

Desmond Jerrod Smith ("petitioner") was charged by the State of Maryland ("respondent") with murder, first degree assault, use of a handgun in the commission of a crime of violence, and other firearm related offenses. He prayed a jury trial, and it was held in August 2005 in the Circuit Court for Wicomico County, with the Honorable W. Newton Jackson, III, presiding. The jury acquitted Smith of first degree murder and found him guilty of second degree murder, first degree assault, use of a firearm in the commission of a felony, and wearing, carrying and transporting a handgun. In September 2005, petitioner was sentenced to an aggregate fifty-year term of incarceration for the second degree murder and for use of a handgun in commission of a felony. The remaining offenses were merged for purposes of sentencing. He filed a notice of appeal to the Court of Special Appeals on September 7, 2005. There, he argued that the Circuit Court erred in instructing the jury that it must consider the unsworn, out-of-court statement of a witness for petitioner "just as if she had testified at trial." In an unreported opinion, the Court of Special Appeals rejected that argument, and affirmed the judgment below. Petitioner filed a timely petition for writ of certiorari, which we granted. *Smith v. State*, 401 Md. 172, 931 A.2d 1095 (2007). Petitioner presents only one question for our review:

> "May a trial court, over a defendant's objection, instruct the jury that it must consider the unsworn out-of-court statement of a State's witness 'just as if she had testified at trial'?"

We shall hold that the instruction to the jury does not warrant a reversal, and affirm the judgments of the lower courts.

## Facts

The facts of this case are uncontested, and only the facts relevant to the issue presented are conveyed here. On December 30, 2004, Willie Lee Hunter, III, also known as "Punkin," was shot twice, in his right shoulder and left arm, dying a short time later. Petitioner was charged with that murder. On January 3, 2005, during the time the case was being investigated, a witness, Angela Henson, was picked up on unrelated charges. Evidently, she conveyed to an officer that she had information regarding the shooting on December 30, 2004. In her statement to police, Ms. Henson claimed to have been present during the shooting, and had observed petitioner shoot Mr. Hunter. She further stated that the shooting was a result of Mr. Hunter's having robbed petitioner one week earlier.

During the trial, respondent called Ms. Henson as a witness. There, she stated she was "pleading the fifth" because she had not been present during the shooting and that the statement she had provided originally to police was untrue. Ms. Henson explained that she had provided the police with the false statement because: "The police came to me and questioned me about the shooting and I gave them a false statement [because] I was up for a prostitution charge and I was trying to get out of it." The allegedly false statement that she had given police had been recorded, and that recording was subsequently played for the jury at trial.

The trial court ultimately included the following instruction in its charge to the jury:

"In making your decision you must consider the evidence in this case. And evidence consists of the following: testimony from the witness stand, physical evidence or exhibits admitted into evidence, stipulations between the attorneys, and you will be reminded I'm sure by the attorneys that there were several stipulations in this case. You are to consider those as evidence. You will also consider as evidence the recorded statement of Angela H[e]nson just as if she had testified at trial.

. . .

"You are the sole judges of whether any witness should be believed. In making this decision you apply your common sense and your every day experiences. You judge all the testimony in evidence and the circumstances under which the witness testified, and you consider the following factors: the witness[es]'s behavior on the stand and the manner of testifying; did the witness appear to be telling the truth; the witness[es]'s opportunity to see or hear things about which testimony was given; the accuracy of the witness[es]'s memory; does the witness have a motive not to tell the truth; does the witness have an interest in the outcome of the case; was the witness[es]'s testimony consistent; was the witness[es]'s testimony supported or contradicted by evidence that you believe; whether and the extent to which the witness[es]'s testimony in court differed from statements made by the witness on any previous occasion."

Petitioner does not argue that Ms. Henson's statement was inadmissible, but rather that the portion of the instructions stating that the jury must "consider as evidence the recorded statement of Angela H[e]nson just as if she had testified at trial" constitutes error.

### Standard of Review

 "We have held that the standard of review for jury instructions is that so long as the law is fairly covered by the jury instructions, reviewing courts should not disturb them." *Farley v. Allstate Ins. Co.*, 355 Md. 34, 46, 733 A.2d 1014, 1020 (1999) (citing *Jacobson v. Julian*, 246 Md. 549, 561, 229 A.2d 108, 116 (1967)). *See also Boone v. American Mfrs. Mut. Ins. Co.*, 150 Md.App. 201, 227, 819 A.2d 1099, 1113 (2003). If, however, the instructions are "ambiguous, misleading or confusing" to jurors, those instructions will result in reversal and a remand for a new trial. *See Battle v. State*, 287 Md. 675, 684–85, 414 A.2d 1266, 1271 (1980) (quoting *Midgett v. State*, 216 Md. 26, 41, 139 A.2d 209, 217 (1958)). On the other hand, the instructions must be read in context. "The charge to the

jury must be considered as a whole and the Court will not condemn a charge because of the way in which it is expressed or because an isolated part of it does not seem to do justice to one side or the other." *Morris v. Christopher*, 255 Md. 372, 378, 258 A.2d 172, 176 (1969) (citing *Nora Cloney & Co. v. Pistorio*, 251 Md. 511, 515, 248 A.2d 94, 96 (1968)).

## Discussion

■■■ The issue in the instant case, as noted above, is not that the out-of-court statement was admitted, but rather the trial court's instruction to the jury that it consider the out-of-court statement just the same as it did the sworn testimony. In discussing the oath requirement with regard to this case, the Court of Special Appeals, in an unreported opinion stated:

"Maryland Rule 5–603 embraces a general requirement that, before testifying at trial, 'a witness shall be required to declare that the witness['] testimony be made by oath or affirmation.' The purpose of Rule 5–603 is to 'make clear that false testimony would fall within the definition of perjury.' Lynn McLain, Maryland Evidence (2nd ed. 2002) Md. Rule 5–603 at 110. Maryland Code Annotated (2002, 2006 Supp.), § 9–101(a), (b) of the Criminal Law Article ('CR'), provides that '[a] person may not willfully and falsely make an oath or affirmation as to a material fact' and is subject to 'imprisonment not exceeding 10 years' if the person violates the statute."

*Smith v. State*, No. 1744, slip op. at 4, 175 Md.App. 780 (June 6, 2007). We have previously held that the purpose of an oath is to impress upon the declarant the importance of telling the truth:

"The requirements of an oath and testimony given under penalty of perjury discourage lying, reminding the declarant of punishment by both supernatural and temporal powers. *See United States v. De Sisto*, 329 F.2d 929, 934 (2d Cir.), *cert. denied*, 377 U.S. 979, 84 S.Ct. 1885, 12 L.Ed.2d 747 (1964). The formal setting, oath and the reminder of perjury all convey to the declarant the dignity and seriousness of the proceeding, and the need to tell the truth."

*Nance v. State,* 331 Md. 549, 571, 629 A.2d 633, 644 (1993). The implications, therefore, of an oath, reside with the declarant, not with the jury. It is the role of the jury to determine the weight of the evidence. The jury must determine which statements, if any, are true, and it does so by examining the circumstances in each case, including whether the testimony was sworn. The Court of Special Appeals, in its unreported opinion in this case, stated: "It is possible that a jury might believe that sworn testimony is more credible than unsworn testimony. The jury, however, is free to consider the reliability of all the evidence as it sees fit." *Smith v. State,* No. 1744, slip op. at 4, 175 Md.App. 780 (June 6, 2007). *See also Bellamy v. State,* 403 Md. 308, 941 A.2d 1107 (2008) (quoting *Dykes v. State,* 319 Md. 206, 224, 571 A.2d 1251, 1260–61 (1990)) (" 'what evidence to believe, what weight to be given it, and what facts flow from that evidence are for the jury . . . to determine' ").

In the instant case, the trial court's instructions were not clearly erroneous. The jury knew that some of the witness' testimony was under oath and some was not. The jury was free to believe the unsworn testimony or the sworn testimony. Indeed, the trial court clearly impressed upon the jury their role in the weighing of evidence:

> "You are the sole judges of whether any witness should be believed. In making this decision you apply your common sense and your every day experiences. You judge all the testimony in evidence *and the circumstances under which the witness testified. . . .* " (Emphasis added.)

It was the jury then, who could choose to believe, or not to believe, either testimony Ms. Henson offered; the out-of-court statement, or the in-court testimony. In considering either of the statements the jury was instructed that it could consider the circumstances under which the witness found herself giving the different statements. The instruction to the jury that it consider the recorded, out-of-court statement "just as if she had testified at trial," clearly indicated no more than an instruction to the jury to weigh both portions of evidence. As

the Court of Special Appeals stated in their unreported opinion in this case:

> "Read in context, it is clear that the instruction at issue was not intended to persuade the jury that Henson's unsworn, out-of-court statement was more or less credible than her trial testimony but was, instead, to advise the jury that it could, during deliberations, be considered the same as other testimony and evidence produced at trial."

*Smith v. State*, No. 1744, slip op. at 4, 175 Md.App. 780 (June 6, 2007). To impose, on a single sentence in the instructions, some deeper meaning, as petitioner would have us do, would be inappropriate. "It is a well established rule that when objection is raised to a court's instruction, attention should not be focused on a particular portion lifted out of context, but rather its adequacy is determined by viewing it as a whole." *State v. Foster*, 263 Md. 388, 397, 283 A.2d 411, 415 (1971). *Accord Roary v. State*, 385 Md. 217, 237, 867 A.2d 1095, 1106 (2005) ("When reviewing a jury instruction we look to the instruction as a whole."); *State v. Grady* 276 Md. 178, 185, 345 A.2d 436, 440 (1975) ("[J]ury instructions ... must be viewed as a whole and ... portions should not be read out of their proper context.").

In his brief, petitioner relies on *State v. Grady*, 276 Md. 178, 345 A.2d 436, for the proposition that where the jury is instructed with an incorrect statement of law that has the potential to mislead jurors, a reversal would be required. Such a reliance, however, is misplaced, because in that case, the court gave an incorrect statement of law. There, the trial court instructed the jury that where an alibi is presented, it was the defense who had the burden of establishing the alibi for the entire duration of the crime. This improperly shifted the burden of proof to the defense, when in fact, the burden resided with the State to prove beyond a reasonable doubt that the Defendant had in fact committed a crime.

In the instant case, there is no incorrect statement of law. The jury was free to consider the out-of-court testimony as evidence, just as the sworn, in-court testimony could also be

considered evidence. The oath as to one statement and the lack thereof as to the other were circumstances before the jury.

## Conclusion

So long as the jury was fully apprised of the giving or not giving of the oath, it was free to weigh both statements and the circumstances under which they were given.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONER.**