CANTER ᴇᴛ ᴀʟ. *v.* STATE

[No. 54, September Term, 1959.]

*Decided November 18, 1959.*

616

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Joseph A. DePaul* for the appellants.

*Shirley Brannock Jones, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, William L. Kahler, State's Attorney for Prince George's County,* and *Frank P. Flury, Deputy State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellants were tried on a joint indictment charging larceny of a motor vehicle (in three counts), convicted on the first count and sentenced to 18 months imprisonment. The only question raised on appeal is an alleged omission in the court's charge to the jury. The trial judge told the jury that his instructions were given "in an advisory capacity as to the law". He also told them, in outlining the possible verdicts, that they should determine guilt or innocence, and stressed the fact that he used the word "may" and not "must" in connection with possible findings. The appellants contend that the court committed reversible error in failing to instruct that the jury were the "final" judges of the law.

Article XV, Sec. 5, of the Constitution of Maryland provides, in part, that in criminal cases "the Jury shall be the Judges of Law, as well as of fact". There is nothing in the record to show a violation of this provision. We have held that an instruction that the court's instructions as to the law are advisory is a substantial compliance with the constitutional mandate. *Gibson v. State,* 204 Md. 423, 441. In the instant case there is no suggestion that the court attempted to usurp the jury's function, or to prevent counsel from arguing that the general principles stated by the court were incorrect. Indeed, it is virtually conceded that they were correct.

The appellants contend, however, that the charge was not in literal compliance with Maryland Rule 739 b, which provides: "* * * The court shall in every case in which instructions are given to the jury tell the jury that they are themselves the final Judges of the Law and that the court's instructions are advisory only." They argue that the Rule requires that the jury be told both, that they are the "final Judges", and that the instructions are "advisory only", although it is not suggested that there is any difference in the meaning of the two expressions, and we perceive none. It should be noted that this contention is not based upon a deprivation of constitutional right, but upon a contention that the Rule, as construed, is mandatory, and not redundant, and confers a right beyond that required by the Constitution. Cf. *Hill v. State,* 218 Md. 120, 127.

The record is clear that at the conclusion of the charge, counsel then representing the accused indicated that he was satisfied with the charge as given and had no objections thereto. We think this amounted to a waiver of any contention as to non-compliance with the Rule. *Hill v. State, supra,* is distinguishable in that Rule 723 c, there considered, required that the record show compliance affirmatively, precluding, as was there stated, any inference of a waiver of the right to be advised as to a right to counsel. We have repeatedly held that even constitutional rights may be waived in the course of a trial. *Jordan v. State,* 219 Md. 36, 43; *Reynolds v. State,* 219 Md. 319, 324, (distinguishing *Wolfe v. State,* 218 Md. 449); *Jackson v. Warden,* 218 Md. 652, 655; *Briley v. State,* 212 Md. 445, 448; *Schanker v. State,* 208 Md. 15, 21; *Heath v. State,* 198 Md. 455, 464. See also *Beard v. State,* 216 Md. 302, 312. We have stated, as in the *Reynolds* case, *supra,* that Maryland Rule 739 g was designed to afford the trial judge an opportunity to correct inadvertent omissions or inaccuracies in a charge, and that we would not exercise our right to "take cognizance of and correct any plain error material to the rights of the accused", of our own motion, if the alleged error was one that might have been readily corrected if it had been called to the trial judge's attention.

The appellants rely upon the line of cases holding that the

right of an accused to be present at every stage of a trial is one that cannot be waived by counsel. *Midgett v. State,* 216 Md. 26; *Duffy v. State,* 151 Md. 456. See also *Dutton v. State,* 123 Md. 373. In *La Guardia v. State,* 190 Md. 450, the rule was recognized, but found inapplicable where it was shown that there was no prejudice. In the instant case the appellants were present in court and acquiesced in the assent given by their counsel. It is well settled that, at least where present in court and represented by competent counsel, an accused is bound by the actions and concessions of counsel. *Lenoir v. State,* 197 Md. 495, 506, and cases cited. Under the circumstances of the instant case we think the objection to the charge now pressed was not properly preserved, and we find it unnecessary to decide whether there was substantial compliance with Rule 739 b.

*Judgments affirmed.*