JOHN HENRY SQUIRE *v.* STATE
OF MARYLAND

[No. 1171, September Term, 1975.]

*Decided July 23, 1976.*

The cause was argued before ROBERT C. MURPHY, Chief Judge of the Court of Appeals, ROBERT E. CLAPP, JR., Associate Judge of the Sixth Judicial Circuit, and ROBERT L. KARWACKI, Associate Judge of the Supreme Bench of Baltimore City, all specially assigned.

*David B. Allen,* with whom was *Michael Bowen Mitchell* on the brief, for appellant.

*Gilbert H. Robinette, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Roy A. Breslow, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, J., delivered the opinion of the Court.

The appellant was found guilty by a jury in the Criminal Court of Baltimore of assault with intent to murder and of the unlawful use of a handgun in the commission of a crime of violence; he was sentenced to eight years' imprisonment. He contends on appeal that the lower court, in its jury instructions, erroneously imposed upon him the burden of proving self-defense, thereby violating the due process clause of the fourteenth amendment by relieving the State of its burden of proving, beyond a reasonable doubt, every fact necessary to constitute the crime charged. He relies on *In re Winship*, 397 U. S. 358, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970), and *Mullaney v. Wilbur*, 421 U. S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975).

The pertinent portion of the jury instructions is as follows:

> "Moreover, the burden of proof of proving self-defense is on the Defendant, not upon the State, although this burden by the Defendant may be fulfilled by a preponderance of the credible evidence; in other words, the Defendant is not obliged to prove a valid self-defense beyond a reasonable doubt. Naturally, in every criminal case, the burden is always upon the State to establish proof of every element of the crimes that are charged against the Defendant beyond a reasonable doubt."

The appellant argues that this instruction violated the principles of *Mullaney* since it shifted the burden to him to prove that the homicide was justifiable or excusable in contravention of our holding in *Evans v. State*, 28 Md. App. 640, 349 A. 2d 300 (1975), *aff'd, State of Maryland v. Edward Evans*, 278 Md. 197, 362 A. 2d 629 (1976). While he acknowledges that no exceptions were taken to the instructions, the appellant urges that the error was plain and material and that we should take cognizance of it on our motion under Maryland Rule 756 g. He contends that "the

full scope of *Mullaney* was not realized" at the time of his trial, and that it was not until we decided *Evans v. State, supra,* on November 26, 1975, five months after his trial, that the implications of *Mullaney,* and its applicability to self-defense, were made clear.

The State, while agreeing that there was legally sufficient evidence to raise the issue of self-defense, and also agreeing that the instruction violated the principles announced in *Mullaney,* contends that "[s]ince the trial of this case occurred after the *Mullaney* decision was handed down, . . . the question is not one of plain error [in the instructions], but one of waiver."

The Supreme Court decided *Mullaney* on June 9, 1975. The appellant's trial took place on June 13, 1975. Maryland Rule 756 g provides that upon appeal a party assigning error in the jury instructions may not do so of right unless (1) the particular portion of the instructions given or the particular omission therefrom or the particular failure to instruct was distinctly objected to before the jury retired to consider its verdict and (2) the grounds of the objection were stated at that time. The rule provides that "ordinarily" no other error will be considered on appeal, but it permits appellate courts to "take cognizance of and correct any plain error in the instructions, material to the rights of the accused even though such error was not objected to . . . ." As we noted in *Brown v. State,* 14 Md. App. 415, 287 A. 2d 62 (1972), even if an error in jury instructions is plain, its consideration on appeal is not a matter of right; the rule is couched in permissive terms and necessarily leaves its exercise to the discretion of the appellate court. 14 Md. App. at 418. That the error may have been of constitutional dimension does not *per se* raise it to the level of "plain error" under the rule, *State v. Evans, supra,* since even constitutional rights may be waived in the course of a trial, *Dimery v. State,* 274 Md. 661, 338 A. 2d 56 (1975).

In *Canter v. State,* 220 Md. 615, 155 A. 2d 498 (1959), it was held that Rule 756 g was designed to afford the trial judge an opportunity to correct inadvertent omissions or inaccuracies in a charge, and that an appellate court should not exercise

its right to take cognizance of and correct any plain error material to the rights of the accused, of its own motion, if the alleged error was one that might have been readily corrected if it had been called to the trial judge's attention. To like effect, *see Reynolds v. State,* 219 Md. 319, 149 A. 2d 774 (1959); *Parker v. State,* 4 Md. App. 62, 241 A. 2d 185 (1968).[1]

In view of the purpose of the "plain error" rule, and because the error of which the appellant complains could have been corrected by additional or supplemental instructions had *Mullaney* been called to the attention of the trial judge (*see Brown v. State, supra,* at 420), we decline to invoke the provisions of the rule in this case. In so holding, we note that the decision to treat as plain error the faulty instruction given in *Evans* stands in contrast with that here involved in that the error in *Evans* occurred before the Supreme Court decided *Mullaney,* whereas the error in the present case occurred subsequent to that decision. In its affirmance of the judgment in *Evans v. State,* the Court of Appeals considered it appropriate to recognize, as "plain error" under Rule 756 g, an error in jury instructions committed in a case tried prior to the *Mullaney* decision, since in view of *Mullaney's* retroactive application, the error was one specifically open to collateral attack under the provisions of the Post Conviction Procedure Act, Maryland Code (1957, 1976 Repl. Vol.), Article 27, § 645A (d).

> *Judgments affirmed; costs to be*
> *paid by appellant.*

---

1. *Compare* Estelle v. Williams, U.S. , 96 S. Ct. 1691, 48 L.Ed2d 126 (1976), decided May 3, 1976, a case in which the Supreme Court held that a criminal defendant waived his constitutional right to be tried in civilian clothes by failing to object where past practice indicated that had he objected he would have been permitted to wear civilian clothes at his trial.