## ARLESTER WRIGHT v. STATE OF MARYLAND

[No. 1348, September Term, 1975.]

*Decided September 21, 1976.*

The cause was argued before MARVIN H. SMITH and JOHN C. ELDRIDGE, Associate Judges of the Court of Appeals, and JOSEPH M. MATHIAS, Associate Judge of the Sixth Judicial Circuit, all specially assigned.

*Arthur A. DeLano, Jr., Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender, Dennis M. Henderson, Assistant Public Defender,* and *George E. Burns, Jr., Assistant Public Defender,* on the brief, for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *John Dunnigan, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

Appellant, after having been found guilty by a jury in the Criminal Court of Baltimore on October 16, 1975, of first degree murder and carrying a concealed weapon, was

sentenced to life imprisonment on the murder charge and three years' imprisonment, to be served concurrently, on the concealed weapons charge. On appeal he challenges only the murder conviction, making two contentions: (1) the trial judge's instructions to the jury improperly placed the burden of proving self-defense upon appellant; (2) the evidence was insufficient to support a verdict of murder in the first degree.

The State in this case concedes, correctly we think, that: (1) the issue of self-defense was fairly generated by the evidence adduced; (2) the trial judge told the jury that the defendant had the burden of persuasion on the question of self-defense, and therefore the instruction was erroneous under *Mullaney v. Wilbur*, 421 U. S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975); and (3) under *Evans v. State*, 28 Md. App. 640, 349 A. 2d 300 (1975), *aff'd, State v. Evans*, 278 Md. 197, 362 A. 2d 629 (1976), the first degree murder conviction would not cure an improper allocation of the burden of persuasion with respect to self-defense. *Cf. Dorsey v. State*, 278 Md. 221, 362 A. 2d 642 (1976). The State, however, argues that as the trial in the instant case occurred four months after the Supreme Court's decision in *Mullaney v. Wilbur, supra,* and as the appellant failed to object to the instruction concerning the burden of persuasion, the erroneous instruction furnishes no basis for reversing the conviction. While acknowledging in oral argument before us that the appellant might be able to secure relief under the Post Conviction Procedure Act in light of the requirements of that statute for finding a waiver of a constitutional right, Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 645A (c), the State urges that we decline on direct appeal to consider the erroneous instruction.

Maryland Rule 756 g provides that ordinarily an appellate court will not consider an error in a jury instruction unless the instruction was objected to before the jury retired. However, the rule further states that an appellate court "may take cognizance of and correct any plain error in the instructions, material to the rights of the accused even though such error was not objected to . . . ." *See Dempsey v.*

*State*, 277 Md. 134, 152, 355 A. 2d 455 (1976); *Dimery v. State*, 274 Md. 661, 338 A. 2d 56 (1975).

On July 15, 1976, in *State v. Evans, supra*, 278 Md. at 211, the Court of Appeals in an opinion by Chief Judge Murphy held that the Court of Special Appeals did not abuse its discretion under Rule 756 g by taking cognizance of, and reversing on the basis of, a jury instruction, erroneous under *Mullaney v. Wilbur*, which had not been objected to. The trial in *Evans* had taken place prior to the *Mullaney* decision, and the Court of Appeals, in holding that the case was appropriate for taking cognizance of a "plain error" in the instruction, relied upon section (d) of the Post Conviction Procedure Act, Code (1957, 1976 Repl. Vol.), Art. 27, § 645A (d). That section provides:

> "For the purposes of this subtitle and notwithstanding any other provision hereof, no allegation of error shall be deemed to have been finally litigated or waived where, subsequent to any decision upon the merits thereof or subsequent to any proceeding in which said allegation otherwise may have been waived, any court whose decisions are binding upon the lower courts of this State holds that the Constitution of the United States or of Maryland imposes upon State criminal proceedings a procedural or substantive standard not theretofore recognized, which such standard is intended to be applied retrospectively and would thereby affect the validity of the petitioner's conviction or sentence."

The Court of Appeals reasoned that since the "*Mullaney* errors were subject to collateral attack under this section in any event," it was not inappropriate to take cognizance of the erroneous instruction on direct appeal "notwithstanding the fact that the errors may not have been technically 'plain' within the traditional application of the rule's provisions." 278 Md. at 211.

About a week after the Court of Appeals decision in *Evans*, the Court of Special Appeals rendered its decision in

*Squire v. State,* 32 Md. App. 307, 360 A. 2d 443 (1976), in an opinion also by Chief Judge Murphy (specially assigned to the Court of Special Appeals). *Squire* involved a jury instruction, also erroneous under *Mullaney* and also not objected to, in a trial which occurred four days after the *Mullaney* decision was handed down by the Supreme Court. This court in *Squire* declined to take cognizance of the erroneous instruction under the "plain error" principle of Rule 756 g, pointing out that "even constitutional rights may be waived in the course of a trial . . . ." 32 Md. App. at 309. In reaching this conclusion, the opinion in *Squire* distinguished *Evans* as follows (*id.* at 310):

> "[W]e note that the decision to treat as plain error the faulty instruction given in *Evans* stands in contrast with that here involved in that the error in *Evans* occurred before the Supreme Court decided *Mullaney,* whereas the error in the present case occurred subsequent to that decision. In its affirmance of the judgment in *Evans v. State,* the Court of Appeals considered it appropriate to recognize, as 'plain error' under Rule 756 g, an error in jury instructions committed in a case tried prior to the *Mullaney* decision, since in view of *Mullaney's* retroactive application, the error was one specifically open to collateral attack under the provisions of the Post Conviction Procedure Act, Maryland Code (1957, 1976 Repl. Vol.), Article 27, § 645A (d)."

It is true that section (d) of the Post Conviction Procedure Act, which furnished the basis for taking cognizance of the erroneous instruction in *Evans,* has no application to a trial occurring subsequent to the decision announcing a new constitutional standard. Nevertheless, as the State acknowledged in oral argument in the instant case, section (c) of the Post Conviction Procedure Act might be applicable to furnish relief to a defendant tried after *Mullaney,* where it is contended that the defendant waived any

complaint about the constitutionally erroneous instruction by failing to object at trial. Section (c) provides in part:

> "For the purposes of this subtitle, an allegation of error shall be deemed to be waived when a petitioner could have made, but *intelligently and knowingly* failed to make, such allegation . . . at trial . . . ." (Emphasis supplied.)

Section (c) of the Post Conviction Procedure Act thus requires something more than an attorney's failure to object; it requires an intelligent and knowing waiver by the defendant himself. *Jourdan v. State,* 275 Md. 495, 507, 341 A. 2d 388 (1975); *Bristow v. State,* 242 Md. 283, 289, 219 A. 2d 33 (1966). This is a state statutory requirement, applicable even in circumstances where the Supreme Court might deem something less to be a waiver of a federal constitutional right.

Although appellant may be entitled to post conviction relief, and although the reasoning in *Evans* might appear to be applicable to the present case considering section (c) of the Post Conviction Procedure Act, in view of the recent *Squire* decision by this court we must decline to take cognizance of the erroneous self-defense instruction. No factors are present in this case which were absent in *Squire* and which would justify a different result. In fact, there might have been more excuse for the attorney's failure to object to the instruction in *Squire* than in the present case, since *Mullaney* was decided only four days before the trial in *Squire* but more than four months before the instant trial. The decision not to take cognizance of the error in the instruction in this case is, of course, without prejudice to any petition which may be filed under the Post Conviction Procedure Act.

Turning to the second issue raised by the appellant, we have reviewed the record and conclude that there was sufficient evidence to support a first degree murder verdict.

*Judgment affirmed.*
*Appellant to pay costs.*