SYLVESTER JEROME MORRIS *v.* STATE OF MARYLAND

[No. 908, September Term, 1975.]

*Decided October 6, 1976.*

The cause was argued before THOMPSON, LOWE and MASON, JJ.

*Michael S. Elder, Assistant Public Defender*, with whom was *Alan H. Murrell, Public Defender*, on the brief, for appellant.

*John A. Austin, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, and *Robert Salter Rothenhoefer, State's Attorney for Frederick County*, on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

The appellant, Sylvester Jerome Morris, was convicted by a jury in the Circuit Court for Frederick County of murder in the first degree, assault with intent to murder, and assault and battery. He was sentenced to a term of life imprisonment for the murder conviction and two concurrent seven-year terms for the assault with intent to murder and the assault and battery convictions.

The principal issue in this case is whether the trial court in its instruction to the jury erroneously allocated to the appellant the burden of persuasion on the issue of excuse.[1]

As a threshold matter, we note that the defense of excusable homicide based on a claim of accidental killing

---

1. This case was tried on May 21-22, 1975. Mullaney v. Wilbur, 421 U. S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975), was decided on June 9, 1975. The objection now raised to the jury instruction was not raised at the trial but was raised and denied at the hearing on the motion for a new trial on August 1, 1975. Thus, it is appropriate to review the challenged instruction. *See* Squire v. State, 32 Md. App. 307, 360 A. 2d 443 (1976).

was generated by the evidence as a legitimate jury issue in this case.

During the evening of January 19, 1975, the appellant, his wife, and two of their children stopped at a tavern for a few drinks. Later, James Spriggs, a family acquaintance, joined them. After a period of time, they all went to another bar and consumed additional drinks. The appellant, apparently jealous of the attention his wife and Spriggs were paying to each other, told his wife he was ready to go home. Upon her refusal, the appellant left without her. Later that same evening, the appellant's wife and children returned home in Spriggs's car. Moments after the children got out, a shotgun was fired, damaging Spriggs's car and injuring the appellant's wife and Spriggs.

The appellant denied intending to shoot his wife or Spriggs. He testified that the gun accidently discharged as he stepped from the curb onto the street. After this incident, the appellant was arrested and subsequently released on bail.

Approximately three weeks later, the appellant's wife was fatally wounded. According to the appellant, while they were seated in his car, his wife struck him in the face during an argument. She then reached under the front seat and produced a gun which accidentally discharged when the appellant grabbed her hand.

The offending instruction in the present case was:

> If you find beyond a reasonable doubt that there was an unlawful killing and that the defendant did it, in order to reduce the crime to manslaughter it is the defendant who has the burden of proving justification, excuse or some circumstance of mitigation, and he must do so by a preponderance of the evidence.

> We talked about the State having the burden of proof beyond a reasonable doubt. Now in order to reduce the crime to manslaughter, the burden of proving justification, excuse or some circumstance

in mitigation is upon the defendant, but he must do that only by a preponderance of the evidence.

On authority of *Mullaney*, we held in *Evans v. State*, 28 Md. App. 640, 349 A. 2d 300 (1975), *aff'd*, 278 Md. 197, 362 A. 2d 629 (1976), that it is unconstitutional to impose upon a defendant a burden of proving by any standard his innocence as to any element of a crime, or to relieve the State of its burden of proving beyond a reasonable doubt any element of the crime charged.

The flaw in the instruction, as given, was the erroneous allocation to the appellant of the burden of persuasion on the question of excuse. Not only did this relieve the State of proving beyond a reasonable doubt that the offense was not accidental, as mandated by *Mullaney*, it required the appellant to assume the burden of proving the offense was accidental as proscribed by *Mullaney*.

Here, the issue is whether the jury verdict of murder in the first degree cured the error by indicating that the State had carried its rightful burden of proving every element of the offense beyond a reasonable doubt. In explicating *Mullaney*, we held in *Evans* that a jury finding of guilty of murder in the first degree would operate to cure an erroneous allocation of the burden of persuasion on the subject of mitigation:

> By the same token, any error in instructing as to the allocation of the burden of persuasion on the subject of mitigation (such mitigation, for purposes of holding the homicidal *mens rea* down to the manslaughter level, being fairly an issue in the case) will have been cured by a verdict of murder in the first degree. The evil aimed at by *Mullaney v. Wilbur*, where the issue is manslaughter versus murder, is that a presumption of malice unfairly relieves the State of the burden of proving non-mitigation (mitigation being fairly an issue in the case). Where the ultimate verdict is that of murder in the second degree, the presumption may, therefore, have been pivotal. Where, on the other

hand, the verdict is murder in the first degree, the State would have proved every element, including the negating of hot blood, beyond a reasonable doubt and due process will not have been offended. 28 Md. App. at 658.

See also *Brown v. State*, 29 Md. App. 1, 349 A. 2d 359 (1975) and *Dorsey v. State*, 29 Md. App. 97, 349 A. 2d 414 (1975), *aff'd*, 278 Md. 221, 362 A. 2d 642 (1976).

The immediate issue is whether such reasoning would apply, by way of analogy, to a first-degree murder finding where the defensive issue was not mitigation but rather excuse and where the particular sub-variety of excuse was accident.

This issue has been squarely answered in the affirmative by Chief Judge Murphy, specially assigned, writing for this Court in *Newkirk v. State*, 32 Md. App. 621, 363 A. 2d 637 (1976). In dealing with precisely the same issue, we stated:

The State points out that the defense of accident is based on a theory of no intent, no willfulness, no premeditation, and no deliberation. It argues that by its verdict of first degree murder the jury found that the State sustained its burden of proof beyond a reasonable doubt that the appellant acted in a willful, deliberate and premeditated manner, thereby rejecting any claim of defense that the shootings were accidental. The State maintains that in these circumstances it did not rely on any unconstitutional presumption or inference of malice, and that notwithstanding the erroneous allocation of the burden of persuasion the first degree murder verdict "cured" the errors in the jury instructions.

In *Dorsey and Wilson v. State, supra*, a homicide case in which the trial court erroneously instructed the jury that the burden of proving mitigation was upon the defendant, we held, and the Court of Appeals agreed, that the jury's verdict of murder in the first degree cured the error in the instructions.

We there noted that under the trial court's instructions the State was required to carry the burden of proving willfulness, deliberation, and premeditation and thus did not rely upon an unconstitutional presumption of malice. We said that the finding by a jury of the elements of first degree murder negated the existence of mitigating circumstances, since malice and mitigation due to provocation could not coexist.

Considering the facts of the present case in view of the instructions given to the jury, we think the same rationale is applicable to the defense of excusable homicide based on a claim of accidental or unintentional killing. Since the jury found the appellant guilty of first degree murder, it is clear that it did not rely upon the erroneous instruction presuming all felonious homicides to constitute second degree murder; instead it concluded that the State had sustained the burden properly placed upon it by the instructions of proving, beyond a reasonable doubt, that the killing was willful, deliberate, and premeditated and hence not unintentional or accidental, as claimed by the defense. *Cf. Stambaugh v. State*, 30 Md. App. 707, 353 A. 2d 638 (1976), a case in which we reversed a conviction of second degree murder where the defense was accident and the jury was erroneously instructed that homicide was presumed to be murder in the second degree and that the burden was upon the defendant to establish excusable homicide. See also *Wilson v. State*, 28 Md. App. 168, 343 A. 2d 537 (1975).

*Newkirk* is fully dispositive of the present case. For precedential guidance, however, it behooves us to reconcile the holding of *Newkirk* with what at surface glance might appear to be a contradictory dictum in our *Evans* opinion at 664:

If a fair reading of the instructions indicates that

the "presumption of malice" in that broader and unqualified form, operated to relieve the State of its burden of ultimate persuasion on the issue of non-justification and/or non-excuse (where either is a fair issue in the case), *Mullaney v. Wilbur* will require a reversal regardless of the degree of felonious homicide on which the conviction was had. Unlike the situation dealt with where the only issue in the case affected by the presumption was mitigation and the only advantage the defendant was denied was the possible lowering of murder in the second degree to manslaughter, the harm on the issues of presumed non-justification and presumed non-excuse operates across the entire spectrum of culpability. If the defendant had had the benefit of a fair allocation of the burden of persuasion on these issues, he might well have been found not guilty totally and not simply guilty to a lesser degree. Self-defense, for example, would relieve one of guilt for a premeditated and deliberated killing as well as for a killing in hot blood.

In dealing with the three broad defensive issues of 1) justification, 2) excuse and 3) mitigation, *Evans* did indicate that although a first-degree verdict would cure error with respect to an erroneous allocation of the burden of proof on the subject of mitigation, it would not cure such error with respect to the issues of justification or excuse. In dealing with the defensive issue of excusable homicide, however, *Evans* failed to anticipate one of the nuances or subtleties which has now eventuated. In speaking of excusable homicide, *Evans* contemplated that variety of excusable homicide which had theretofore involved the affirmative defenses such as self-defense in certain circumstances. It contemplated the "confession and avoidance" type of defense — "Yes, I did it intentionally but I did it for the following excusable reason." With respect to that variety of excusable homicide, our dictum in *Evans* is still good law. What we failed to do in *Evans* was to distinguish between that category of excusable homicide described above and the

variety of excusable homicide represented by negligent accident. In dealing with this latter variety of excuse, *Newkirk* is an essential refinement and clarification of the otherwise overly broad dictum of *Evans*. The excuse of accident is not, of course, an affirmative type of defense but is rather a negation of the central element of an intentional killing.

In dealing with such an element, it is clear that the State carried its rightful burden of proof. With respect to murder in the first degree, the trial judge in this case correctly allocated the burden to the State and pointed out that the burden was that of proving the elements "beyond a reasonable doubt":

> Now, in order to elevate the crime to murder in the first degree, the State has the burden of proving beyond a reasonable doubt that the defendant killed the deceased; that he did so willfully, deliberately and with premeditation and of course with malice aforethought.

The jury instruction in this case went on and correctly defined those elements indicating an intent to kill:

> "Wilful" is a specific purpose, design or intent to kill. "Deliberate" means the full conscious knowledge of the purpose to kill; and premeditation means that the design or intention to kill must have come before the killing by an appreciable length of time — time sufficient for some reflection and consideration upon the matter, choice to kill or not to kill and for formation of a definite purpose to kill — that is, time enough to be deliberate.

For the jury to have found beyond a reasonable doubt that the appellant here intended to kill and that he did so willfully, deliberately and with premeditation, it, *ipso facto*, negated the notion of accident beyond a reasonable doubt. Therefore, we affirm.

We are compelled, however, to reverse the assault with

intent to murder conviction, which arose out of a separate and distinct incident, because of the erroneous instruction of the trial court. This instruction reads in relevant part as follows:

> In order to convict the accused of assault with intent to murder you would have to find beyond a reasonable doubt that the defendant did assault the victim and that it was done willfully and with malice. Malice can be actual or implied, as I have explained before. Actual malice is the intentional killing of a human being, without legal justification or excuse; implied malice is the unintentional killing of a human being, but there is an intent to inflict great bodily harm or do an act or duty omitted willfully, the natural consequences of which is to cause death or great bodily harm, or where a deadly weapon is directed at a vital part of the victim. In such a situation the law *implies* malice. (Emphasis added).

This instruction offends *Mullaney* and is unconstitutional. It implies malice generally and relieves the State of proving the essential ingredients of malice, i.e., the lack of mitigation, justification or excuse. It also places this burden on the appellant. In *State v. Evans, supra,* the Court of Appeals said:

> While it may be proper to infer an intention to kill or to do grievous bodily harm from the directing of a deadly weapon at a vital part of the human anatomy, it is improper to infer "malice" therefrom, since the use of deadly force does not itself negate the absence of mitigating circumstances; were it otherwise, the State would be unconstitutionally relieved of its burden of proving the absence of mitigation and would have shifted the burden of persuasion to the defendant to lower his guilt to manslaughter, precisely that which *Mullaney* proscribes.

With regard to the assault and battery conviction, it was

amply supported by the evidence and not challenged on appeal.

In addition, the appellant raises the following issues: (1) that the instructions were so incorrect, confusing, and misleading as to deny the appellant a fair trial; (2) that the evidence was insufficient to support a conviction of willful, deliberate, and premeditated murder; (3) that the trial court, at the suppression hearing, erred in its ruling that the appellant had the burden of proving he was so intoxicated as to render his confession involuntary, and that it erred in admitting the confession into evidence; and (4) that the trial court abused its discretion when it admitted photographs of the deceased into evidence.

We have carefully reviewed these issues and find they are without merit for the following reasons: First, the appellant made no objection to the trial court's instructions; therefore, this issue was not preserved for appellate review. Maryland Rule 756 g. In any event, the instructions, when considered as a whole, were not so incorrect, confusing, and misleading as to deny the appellant·a fair trial. Second, there was ample evidence and rational inferences drawable therefrom from which the jury could have found the appellant guilty of willful, deliberate, and premeditated murder. Third, it is not necessary to answer this issue because it only related to the crime of assault with intent to murder which we have reversed for other reasons. Fourth, the question of whether the photographs were inflammatory or improperly prejudicial or whether they illustrated or explained relevant matters is within the sound discretion of the court. *Carroll v. State*, 11 Md. App. 412, 274 A. 2d 677 (1971).

> *Judgments under Count Six and Seven of Criminal Information No. 3597 affirmed.*
>
> *Judgment under Count One of Criminal Information No. 3597 reversed.*