# WILLIAM EDWARD TEVES *v.*
# STATE OF MARYLAND

[No. 1087, September Term, 1975.]

*Decided October 6, 1976.*

The cause was argued before Moore, Melvin and Mason, JJ.

*Harriette Cohen, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Leslie L. Stein, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

The appellant, William Edward Teves, was convicted by a jury in the Criminal Court of Baltimore of murder in the first degree, the use of a handgun in the commission of a crime of violence, and unlawfully wearing a handgun upon his person. He was sentenced to a term of life imprisonment for the murder conviction and consecutive terms totalling eighteen years for the handgun convictions.

According to the evidence adduced at trial, on November 20, 1974, around 2:00 a.m., the appellant in the company of three other persons randomly fired a pistol into the air. Officer Greiner of the Baltimore City Police Department, apparently in response to a complaint, approached this group and said, "Everybody stop and keep you hands still." Whereupon the appellant fired three shots at the officer from a range of six to eight feet. Although seriously wounded, the officer was able to radio for help and to give a description of his assailant. Within minutes after the shooting, the appellant, who fit the description, was seen by the police. After a brief chase, the appellant was arrested. Ten days later Officer Greiner died.

At trial the appellant did not take the stand. Evidence, however, was introduced which indicated the appellant had been drinking prior to the incident, and that the alcoholic content of his blood was .18%.

The appellant argues that the court's instruction on intoxication unconstitutionally placed the burden of persuasion on him to prove he was so intoxicated he could not form the specific intent necessary to commit the offense.[1]

The challenged portion of the jury instruction reads:

> To raise murder to first degree, as I have said the
> State must show that the killing was wilful,

---

1. The objection now raised by the appellant to the jury instruction was not raised below. Ordinarily this would preclude appellate review. Maryland Rule 1085. In this case, however, the appellant's trial occurred on May 19-23, 1975, whereas Mullaney v. Wilbur, 421 U. S. 684, 95 S. Ct. 1881, 44 L.Ed.2d 508 (1975), was decided on June 9, 1975. Under these circumstances, it is appropriate to recognize as plain error under Rule 756 g, an error in jury instructions committed in a case tried prior to Mullaney. Squire v. State, 32 Md. App. 307, 360 A. 2d 443 (1976).

deliberate and premeditated. So, the question of whether the accused was in such a condition of mind, by reason of drunkenness, to be capable of deliberation and premeditation, as I have defined it previously, is a matter for you to determine. While voluntary intoxication can be a defense to a specific intent crime, such as murder in the first degree, *the degree of intoxication which must be demonstrated to exonerate a defendant from these charges is great.* (Emphasis supplied).

Significantly, this particular language which is now assailed was lifted verbatim from *State v. Gover*, 267 Md. 602, 298 A. 2d 378 (1973), and is a correct statement of the law as to the level of intoxication necessary before the defense of intoxication can prevail in a specific intent crime.

Generally, voluntary drunkenness is no defense to a criminal charge. *Breeding v. State*, 220 Md. 193, 199, 151 A. 2d 743 (1959). The only exception to this occurs when a defendant, charged with a crime requiring a specific intent, is so drunk that he is unable to formulate that *mens rea*. His intoxication then will excuse his actions and serve as a defense. *Avey v. State*, 249 Md. 385, 240 A. 2d 107 (1968). *State v. Gover*, 267 Md. at 606.

On authority of *In re Winship*, 397 U. S. 358, 364, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970), and *Mullaney v. Wilbur*, 421 U. S. 684, this Court in *Evans v. State*, 28 Md. App. 640, 349 A. 2d 300 (1975), *aff'd*, 278 Md. 197, 362 A. 2d 629 (1976), held *inter alia*, that it is unconstitutional to impose upon a defendant a burden of proving by any standard his innocence as to any element of a crime or to relieve the State of its burden of proving beyond a reasonable doubt any element of the crime charged. In *State v. Evans, supra*, the Court of Appeals observed that the principles of *Mullaney* were applicable to any defense theory of justification, excuse, mitigation, including, among other things, intoxication.

In *State v. Grady*, 276 Md. 178, 345 A. 2d 436 (1975), the

following instruction was challenged as placing the burden upon the defendant to establish his alibi defense:

> With reference to alibi, a defendant may be entitled to acquittal if you believe the alibi testimony as his not being present at a time and place of the alleged offense, by taking into consideration this testimony with all the other evidence raising a reasonable doubt of guilt, *but in order to prove an alibi conclusively, the testimony must cover the whole time in which the crime by any possibility might have been committed, and it should be subjected to rigid scrutiny.* 276 Md. at 181.

The Court of Appeals in its analysis of that instruction said:

> . . . we conclude that it was improper to explain alibi testimony as did the trial judge since, at the very least one rational interpretation of the words used would place an impermissible burden of proof upon the respondent. . . . 276 Md. at 185.

The appellant contends that the rationale undergirding *Grady, supra,* compels reversal here. We disagree. Instructions must not be judged in artifical isolation, but must be viewed in the context of the overall charge in determining whether the principles of *Mullaney* were violated. *State v. Garland,* 278 Md. 212, 362 A. 2d 638, (1976). Even if we were to decide, which we need not do, that this truncated portion of the instruction erroneously placed the burden of proving intoxication on the appellant, the appellant cannot prevail.

In *Evans* we held that a jury finding of guilty of murder in the first degree would operate to cure an erroneous allocation of the burden of persuasion on the subject of mitigation.

> . . . any error in instructing as to the allocation of the burden of persuasion on the subject of mit-

igation (such mitigation, for purposes of holding the homicidal *mens rea* down to the manslaughter level, being fairly an issue in the case) will have been cured by a verdict of murder in the first degree. . . . Where, . . . the verdict is murder in the first degree, the State will have proved every element, including the negating of hot blood, beyond a reasonable doubt and due process will not have been offended. 28 Md. App. 658.

In our *Evans* opinion we also said that an erroneous allocation of the burden of persuasion as to justification or excuse (either being an issue in the case) would require a reversal under *Mullaney*, regardless of the degree of felonious homicide found by the jury.

Unlike the situation dealt with where the only issue in the case affected by the presumption was mitigation and the possible lowering of murder in the second degree to manslaughter, the harm on the issues of presumed non-justification and presumed non-excuse operates across the entire spectrum of culpability. If the defendant had had the benefit of a fair allocation of the burden of persuasion on these issues, he might well have been found not guilty totally and not simply guilty to a lesser degree. Self-defense, for example, would relieve one of guilt for a premeditated and deliberated killing as well as for a killing in hot blood. 28 Md. App. 664.

This language was too expansive and overbroad. We failed to perceive, much less speak to, the issue of excuse based on accidental or unintentional killing or to the issue of excuse based on intoxication.

In *Newkirk v. State*, 32 Md. App. 621, 363 A. 2d 637 (1976), we extended the parameter of *Evans* and held that a jury finding of murder in the first degree would cure an erroneous allocation of the burden of persuasion on the defense of accidental or unintentional killing.

Since the jury found the appellant guilty of first

degree murder, it is clear that it did not rely upon
the erroneous instruction presuming all felonious
homicides to constitute second degree murder;
instead it concluded that the State had sustained
the burden properly placed upon it by the
instructions of proving, beyond a reasonable doubt,
that the killing was willful, deliberate, and
premeditated and hence not unintentional or
accidental, as claimed by the defense.

*Accord. Morris v. State,* 33 Md. App. 185, 364 A. 2d 588
(1976).

We think the same rationale of *Evans, Newkirk* and
*Morris* would apply here. In the present case, the jury was
instructed that for it to find a verdict of first degree murder
the State must prove beyond a reasonable doubt that the
killing was willful, deliberate, and premeditated.

To justify a conviction of first degree murder, the
jury must find that there was an actual intent to
kill, a fully formed purpose to kill, with enough
time for deliberation and premeditation to convince
you, the trier of the facts that the purpose to kill is
not the immediate offspring of rashness and
impetuous temper, but that the mind had become
fully conscious of its own design.

For a homicide to be wilful, there must be a
specific purpose and design to kill. To be deliberate,
there must be a full and conscious knowledge of the
purpose to' kill. To be premeditated, the design to
kill must have preceded the killing by an
appreciable length of time, that is, time enough to
deliberate.

It is manifest that the State, in proving beyond a
reasonable doubt the killing was willful, deliberate, and
premeditated, proved every fact material to the guilt of the
appellant and negated the defense of voluntary intoxication.
It is obvious that a state of mind "fully conscious of its own
design" cannot coexist with one which is incapable of

forming, because of intoxication, the specific intent to kill. Therefore, it is clear that even if the intoxication instruction were erroneous, it was harmless beyond a reasonable doubt since the jury, in finding the appellant guilty of first degree murder, did not rely on this instruction.

*Judgments affirmed.*