KENNETH OLIVER MASON A/K/A SAMUEL BROWN v.
STATE OF MARYLAND

[No. 645, September Term, 1979.]

*Decided February 11, 1980.*

The cause was submitted on briefs to GILBERT, C. J., and
THOMPSON and LOWE, JJ.

Submitted by *Harold Buchman, Assigned Public Defender,*
for appellant.

Submitted by *Stephen H. Sachs, Attorney General,*
*Stephen B. Caplis, Assistant Attorney General, William A.*
*Swisher, State's Attorney for Baltimore City,* and *Lawrence*
*Rosenberg, Assistant State's Attorney for Baltimore City,* for
appellee.

LOWE, J., delivered the opinion of the Court.

Prior to our holding in *Akonom [and Gregg] v. State,* 40
Md. App. 676 (1978), *cert. denied,* 284 Md. 741 (1979), that
the results of a polygraph examination are not sufficiently
reliable to be used as evidence even when so stipulated prior
to trial, the appellant here entered into such a stipulation.
The evidence was admitted pursuant to the stipulation and
no objection was ever raised. Judge Dorf in the Criminal

Court of Baltimore propitiously cautioned the jury, however, that such tests were by law not to be considered as a concrete or reliable means of ascertaining the truth, and that the only reason the evidence was even before the jury was by virtue of the stipulation. Appellant now argues that two responses indicating deception were prejudicial to judge and jury and that *Akonom* compels reversal and remand for retrial without such evidence.

Appellant would both eat his cake at trial and have it yet upon appeal. That, we have said, he may not do. Md. Rule 1085. In *Akonom* the objection to the stipulated result's admissibility was raised prior to trial by suppression motion, and at trial by timely objection. The stipulation agreeing to the use of the polygraph results was signed by a codefendant (Gregg) without counsel, prior to taking the examination. Appellants Akonom and Gregg propitiously sought to avoid the stipulation and keep the evidence out. Here, however, no such preliminary attempt to suppress was made nor was objection raised at trial, the inference being that despite the indication of deception in answering the two questions, appellants expected some value from the evidence being disclosed to the jury. The issue was not preserved by objection in accordance with Md. Rule 522 and as has been indicated by Md. Rule 1085.

> "This Court will not ordinarily decide any point or question which does not plainly appear by the record to have been . . . decided by the lower court".

Since the preliminary thrust of appellant's contention is an evidentiary one, our discretion to recognize or reject it is presumably unbridled; however, we see nothing to persuade us to deviate from that which the Court of Appeals indicates by rule should be our ordinary course.

Appellant points out that we have in the past exercised our discretion in reversing issues on appeal, despite a failure to object below. Presumably because of the cautionary instruction (to which no objection was made either, pursuant

to Md. Rule 757 f), he replies that this is a case of "plain error" under Md. Rule 757 b.

> "The court may, and at the request of any party shall, give those advisory instructions to the jury as correctly state the applicable law. The court may give its instructions orally or, with the consent of the parties, in writing. The court need not grant any requested instruction if the matter is fairly covered by the instructions actually given. In every case in which instructions are given to the jury the court shall instruct the jury that they are the judges of the law and that the court's instructions are advisory only."

He alludes particularly to the flood of cases we took on the issue of the implied malice instruction following *Mullaney v. Wilbur,* 421 U.S. 684 (1975) pursuant to that rule.

> "The situation here is not unlike the one created by the effect of *Mullaney* v. *Willaim* [sic *Wilbur*], 421 U.S. 684, 95 S. Ct. 1881. In *Teves* v. *State,* 33 Md. App. 195, 364 A.2d 593 (1976), and in *State* v. *Evans,* 278 Md. 197, 362 A.2d 629 (1976), the new application of the burden of proof rule required by a post trial decision of the Supreme Court was not barred by either Rule 1085 or Rule 756(g) (now 757 (h)) nor need the error be of constitutional demensions [sic] to rise to the level of 'plain error'. *Evans* at p. 637."

This unfortunate choice of analogy militates against appellant. In *Squire v. State,* 280 Md. 132, 135 (1977), the Court of Appeals addressed the issue of when we might overlook a failure to object. They made it clear that the usual practice is *not* to consider claims of error not tried and decided below, but that we could do so, *in our discretion,* in an exceptional case. Indeed, the language of that case makes it even less likely that we will exercise our discretion to review

in the future, since the opinion indicates that we are barred from doing so absent "compelling circumstances".

> "Therefore, absent the existence of compelling circumstances, the failure of a defendant to register an objection to a jury instruction pursuant to Rule 756 f bars our consideration of the matter." *Id.* at 135.

We find no such compelling circumstances here. Rather, it appears that appellant sought to advantage himself of our *Akonom* decision which coincided with his motion for a new trial, filed the day before *Akonom* was decided. Even if we assume that the appeal here was from the failure to grant a new trial, rather than the admission of the stipulated evidence, we find no abuse of the judge's discretion in failing to grant a new trial.

Finally, we should point out, that *Akonom* did not hold that unreliable evidence could never be admitted. The cases are profuse wherein we have declined to hear appeals wherein hearsay was prevalent but admitted without objection. Affirmatively to agree to admissibility is even more reason for not upsetting a trial infused with such evidence. We held only that a stipulation to use unreliable evidence, signed without the aid of counsel, as a *quid pro quo* for the privilege of taking a lie detector test would not prevail over an objection timely made, under the circumstances of that case.

> *Judgment affirmed.*
> *Costs to be paid by appellant.*